B104 (FORM 104) (08/07)

## ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS** UNIGWE STELLA INDIVIDUALLY, AND D/B/A: STELLA EARLY LEARNING CENTER INC.

**DEFENDANTS** UNITED STATES OF AMERICA ACTING THROUGH I.R.S. MAXIMUS, INC (VIRGINIA)

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
STELLA UNIGWE
2330 CORONET WAY
ATLANTA, GA. 30318.

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor        ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor        ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

VIOLATION OF AUTOMATIC STAY ORDER, THUS CAUSING A CONSTITUTIONAL VIOLATION AND DAMAGES THERETO ON THE DEBTOR, AND HER BUSINESS FUNDS.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law

☐ Check if this is asserted to be a class action under FRCP 23

☒ Check if a jury trial is demanded in complaint

Demand $

Other Relief Sought
PUNITIVE DAMAGES & COMPENSATORY DAMAGES.

DEC 17 2010 AM 09:07
H. REGINA THOMAS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
FILED
IN CLERK'S OFFICE

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *UNIGWE STELLA* | BANKRUPTCY CASE NO. *10-91637* | |
| DISTRICT IN WHICH CASE IS PENDING *NORTHERN DISTRICT GEORGIA* | DIVISION OFFICE *ATLANTA* | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF *UNIGWE STELLA* D/B/A STELLE LEARNING CT | DEFENDANT *UNITES STATES AMERICA & MAXIMUS INC* | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING *NORTHERN DISTRICT GEORGIA* | DIVISION OFFICE *ATLANTA* | NAME OF JUDGE *SACCA.* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| *Stellallimgue.* | | |
| DATE *12/17/2010.* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *STELLA UNIGWE.* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

In Ref:                                      **Case No: 10-91637.**

                                             **Chapter 13**

**UNIGWE STELLA, INDIVIDUALLY, AND**
**D/B/A: STELLA EARLY LEARNING CENTER, INC.**   DEC 17 2010 AM09:07

**Debtor**

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

H. REGINA THOMAS,
CLERK

BY:_____
DEPUTY CLERK

---

UNIGWE STELLA, INDIVIDUALLY, AND
D/B/A: STELLA EARLY LEARNING CENTER, INC.

**Plaintiff,**

                          **Adversary Proceeding#:_____**

       **VS.**

**UNITED STATES OF AMERICA,**
**Acting through: INTERNAL REVENUE SERVICE (IRS),**
**& MAXIMUS, INC. (VIRGINIA).,**
                          **Defendants**

---

# COMPLAINT FOR DAMAGES

---

Comes now debtor / Plaintiff Stella Unigwe, individually, and d/b/a: Stella Early

Learning Center, Inc. files this her adversary complaint for damages against the

defendants violation of the Bankruptcy Automatic Stay Order, pursuant to 11 USC

362, **and for** violation of debtor / Plaintiff clearly established constitutional right to

due – process, and equal protection of the laws under the fourteenth Amendment

U.S. Constitution; & against the aforementioned named Defendants, individually,

jointly, and separately. **Thus**, debtor / Plaintiff herein respectfully show the court

as follows:

# JURISDICTION AND VENUE

## (1).

This Court has jurisdiction to consider the Complaint pursuant to **28 U.S.C.**

**§1334(A) (b) and 28 U.S.C. §157(A) (B) (2);** and also that the Court has the

authority to enter a final judgment in this adversary proceeding because it

constitutes a core proceeding arising under **title 11 as contemplated by 28 U.S.C.**

**§157(b) (1),** and such other jurisdictional grounds the court may have in this case.

## (2-A).

This Court jurisdiction to consider this Complaint is also evoke pursuant to **26 U.S.C. §7432 and 7433** authorizing taxpayer actions against the United States to recover limited damages resulting from specific types of misconduct by IRS employees.

## (2-B).

Jurisdiction **may** also be conferred upon this Court pursuant to 28 U.S.C.A. sections 1331 and 1343 because matters in controversy arise under the Constitution and laws of the United States. Venue is proper as to claims stated herein.

## (2-C).

Plaintiff also shows that to the extent defendant(s) named herein might have had any form of immunity(s) as to the Claims herein made against them, defendant(s) have "waived" said immunity(s) in accordance with Georgia - Tortuous Act (O.C.G.A. section: 50-21-20…et seq.); and in

accordance with Claims filed under 42 U.S.C.A. section: 1983, or as applicable herein.

## (3).

Debtor/ Plaintiff Stella Unigwe, individually, and is a residence of Cobb County Georgia, and d/b/a: Stella Early Learning Center, Inc., (with a current city of Atlanta business license) located at 2330 Coronet Way Atlanta, GA. 30318.

## (4).

Defendant Maximus, Inc. (VIRGINIA)., is a private company that operates, manages, & controls all financial transactions dealing with Debtor/ Plaintiff's business on behalf of all concern parties for the State of Georgia E-Government Child Care Revolutionizing Access, Service, and Payment Processing, located at 34 Peachtree Street. Atlanta, GA. 30303; and the name and address of its registered agent are: CSC CORPORATION Services, Inc. 40 TECHNOLOGY PKWY SOUTH, #300 NORCROSS GA 30092.

## (5).

Defendant, UNITED STATES OF AMERICA, Acting through: INTERNAL

REVENUE SERVICE (IRS) is subject to the jurisdiction of this court, and may be

served through its lawyer Sally Quillian Yates, United States Attorney for the

Northern District of Georgia, Richard B. Russell Federal Building 75 Spring

Street, S.W. Suite 600 Atlanta, GA 30303-3309; and also to: the civil-process clerk

at the United States attorney's office, Attorney General of the United States U.S.

Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-

0001.

## (6)

The United States IRS officer involved in this case & matter is Harvey Davis, Jr,

individually, is a resident of the State of Georgia, and is located at 5240Snapfinger

Park Drive, Suite 190, Decatur, GA. 30035.

# PRELIMINARY STATEMENT

Plaintiff herein show that the facts contained therein this special pleading contain

material facts between State actors & private \ entities that were intentionally done

to implicate and violate the civil rights due process rights of Plaintiff under 42

U.S.C. section 1983.

## (7).

This is also a civil rights action against all the defendants named and shown-

herein for the depriving the Plaintiff Stella Unigwe, individually, and d/b/a: Stella

Early Learning Center, Inc. of **well established** constitutional, **statutory**, and

common law rights.

## (8).

Specifically, this action also challenges Defendants denial of Plaintiffs rights

secured under the first and fourteenth Amendments to the United States

Constitution (Art.1, U.S. Constitution, Art. X1V, U.S. Constitution), & also 42
U.S.C.A. section 1983, and as guaranteed by , U.S. Bankruptcy **statutory laws**.

## (9).

Each of the acts of defendants alleged in this complaint(s) were done by defendants
under the color of law and pretense of the statutes and laws of the United States
and the State of Georgia, and under the authority of their office as employees, or
agents of the United States; all of whom, acted as Corrupt conspirators.

## (10)

Plaintiff alleges that each of the defendants performed, participated in, aided and/or
abetted in some manner the acts averred in this action, proximately caused the
damages averred in the complaint(s) before this honorable court, and are thus liable
to Plaintiff for the damages and other relief sought in this action(s).

## (11).

Based on information and belief, Plaintiff alleges that defendants, UNITED

STATES OF AMERICA,  Acting through: INTERNAL REVENUE SERVICE

(IRS),  was "responsible" for the training and supervision of Harvey Davis, Jr,

their employees & Staff responsible for processing U.S. bankruptcy notices &

Automatic Stay Orders of the Court;  thus "liable" for all actions performed during

their duties, in the "Taking and Giving" of directions and command for the use, or

benefit defendants, by the aforesaid person(s); were these action(s) leads or

contributed to any injury or violation of the rights of a citizen of the United States,

to "due-process", rights to "liberty and freedom", and rights to equal protection of

the law.

## (12).

Based on information and belief, Plaintiff alleges that defendant, MAXIMUS,

INC. (VIRGINIA)., was "responsible" for the training and supervision of their

employees / Staff responsible for processing U.S. bankruptcy notices AND

Automatic Stay Orders of the Court;  thus "liable" for all actions performed during

their duties, in the "Taking and Giving" of directions and command for the use, or

benefit defendants, by the aforesaid person(s); were these action(s) leads or

contributed to any injury or violation of the rights of a citizen of the United States,

to "due-process", rights to "liberty and freedom", and rights to equal protection of

the law.

## STATEMENT OF FACTS

### _____Part "A"_____

### (13).

*Debtor /***/Plaintiff** *herein* shows that she filed for an Order of Relief under **Chapter**

**13** of Title 11 on 10/25/2010, and was assigned the case #: **10-91637., and that** he

aforementioned case is still currently pending before this Court.

## (14).

*Debtor //***Plaintiff** shows that she is "Self- Employed" and operates a small day

care business "Stella's Early Learning Center Inc." which she **solely own ,** and

depends on all income generated from her business to operate & survive with, and

also to help service her chapter 13 bankruptcy payments & plan covering all her

personal & **business debts filed** with the court under chapter 13 reorganization.

## (15).

*Debtor //***Plaintiff** also shows that her "Self- Employ" small business, Stella Early

Learning Center, Inc., which she solely owned and manages, had previously

transferred **all** of the corporate assets & Liabilities to her, individually, pursuant to

a signed agreement entered before her pre-petition filing.

## (16).

*Debtor //***Plaintiff** shows that the aforesaid business is part of **debtor's tools of**

**trade** use to generate revenues, and is also property of the estate that's exempted;

and necessary for her reorganization.

## (17).

*Debtor //*Plaintiff shows that the gravamen of this complaint, and adversary action is **that** despite *Debtor //***Plaintiff** filing of her chapter 13 bankruptcy on October 25th, 2010, the **Defendants( UNITED STATES OF AMERICA, Acting through: INTERNAL REVENUE SERVICE (IRS), & MAXIMUS, INC. (Virginia),** acting separately and jointly, wrongfully, willfully, and maliciously, collected and paid **a "Pre-Petition debts"** from Plaintiff's financial business account with Maximus, Inc., **without** Plaintiff prior consent; **and without** asking the order of the Court to lift the automatic stay Order that's currently in place, before taking the aforesaid action(s) as herein described.

## (18).

*Debtor //*Plaintiff shows that Maximus, Inc. (Virginia) is a private company that operates, manages, & controls all financial transactions dealing with Debtor/ Plaintiff's business child care services, on behalf of all concern parties, and that the Defendants were both listed on the creditors list filed with the Court, and were sent notice of Debtor Bankruptcy petition filing which they all received by the Court.

## (19).

*Debtor //*Plaintiff shows that On or about October 29th, 2010, Debtor / Plaintiff

after listing and filing as "creditors or concern parties" in her bankruptcy petition

the names of Defendants with the Court, **WERE** also sent and faxed both

Defendants a copy of her bankruptcy petition **which shows her business I.D.**

**numbers, and her social security numbers** with a cover letter attached to it,

notifying all "Concern Parties / creditors" of the court Automatic stay order.

**See**: Exhibit "A -1".

## (20).

*Debtor //*Plaintiff shows that On or about October 29th, 2010, Debtor / Plaintiff

after properly listed the names & address of the Defendants, as "creditors or

concern parties" on her bankruptcy petition **which shows her business I.D.**

**numbers, and her social security numbers** with a cover letter attached to it,

notifying all "Concern Parties / creditors" of the court Automatic stay order.

; **and even after** the Court clerk's office **"properly sent (mailed)  defendants**

**notice of debtors bankruptcy petition filing"**, they still failed to honor the notice

and automatic stay order when they took monies from debtors business account

with Maxamus; knowing full well that the company (Stella Unigwe, d/b/a: Stella

Early Learning Center).

<u>See</u>: Exhibit "A -1" (Matrix list of debtor creditor's names & addresses).

## (21).

*Debtor //*Plaintiff shows that On or about October 29th, 2010, Debtor / Plaintiff

after properly listed the names & address of the Defendants, as "creditors or

concern parties" on her bankruptcy petition Matrix list of debtor creditor's names

& addresses . **and that** the Court clerk's office **"properly served defendants a**

**notice of debtors bankruptcy petition filing"**, and that they still failed to honor

the notice and automatic stay order.

<u>See</u>: Exhibit "A-2".

## (22).

*Debtor //*Plaintiff shows that On November 4th & 5th 2010, her business financial

account with Maximus, Inc( Virginia), was debited in the total amount **of**

**$11,994.00** by both Defendants as payment for an I.R.S. Lien that existed "pre-

bankruptcy petition".

<u>See</u>: Exhibit "B".

## (23).

*Debtor //*Plaintiff shows that was confused as to the aforesaid charge and action, as
it was unbeknownst to her who authorized it for it was not something she had
previously given prior consent to.

## (24).

*Debtor //*Plaintiff shows that upon realization of the aforesaid action & charge,
Plaintiff communicated by phone with the Defendants, and sent messages to the
Defendants requesting that the aforementioned amount taken from her account, be
returned and credited back to her business account with Maximus, Inc (Virginia)
without delay.
<u>See</u>: Exhibit "C".

## (25).

*Debtor //*Plaintiff shows that Defendant Maximus, Inc. (Virginia). responded by
stating that the debtor / Plaintiff contact the I.R.S. officer (Harvey Davis, Jr,) who
told them days after receiving her notice of bankruptcy petition, to debit the debtor

financial account with them, for the Plaintiff to make payment arrangements

directly with I.R.S. and HARVEY DAVIS, JR; and not with the bankruptcy court.

<u>See</u>: Exhibit "D".


### <u>(26).</u>

*Debtor //*Plaintiff shows that she promptly called the I.R.S. officer (Mr. Harvey

Davis. Jr.) Via phone at (404) 338 9647 **and via** Fax  line (404) 338-9726

requesting that the monies taken from her business account **based** on "pre-petition

Liens" need to be turn over back immediately to her Maximus, Inc. ( Virginia)

business account; but Defendant (UNITED STATES OF AMERICA, Acting

through: INTERNAL REVENUE SERVICE (IRS) **failed to respond.**


### <u>(27).</u>


*Debtor //*Plaintiff shows that both the Defendants herein aware, and should have

been aware that Debtor had filed for bankruptcy reorganization under chapter 13,

and that's an Automatic Stay Order is in place when they took their actions; and

that they knew or should have known that the Automatic Stay Order "protects" the

debtor and her business interest from pre-petition liens or claims.

## (28).

*Debtor //*Plaintiff shows that on or about September 30th, 2010 **all** of the

corporation assets & Liabilities of "Stella Early Learning Center, Inc." which she

solely owned, control, and manages **was** transferred / sold to Debtor, individually,

pursuant to a signed agreement.

<u>See:</u> Exhibit "E-1" enclosed herein.

## (29).

*Debtor //*Plaintiff show she is a "Self- Employ" Nigerian U.S. citizen with a small

day care business known as Stella Early Learning Center Inc., of about (15) fifteen

kids,  and with two (2) part time staff employees; and she is a mother of three kids.

## (30).

*Debtor //*Plaintiff show **that without the funds illegally or improperly <u>collected</u>**

by the respondents, <u>there would be no funds left</u> for the debtor to operated her self-

employed day care business, and  pay her staff salaries or will she be able to take

her of own children, personal home expenses, and **<u>or to effectively be able to</u>**

**reorganize** before this court; thus, being also denied a fundamental right as a U.S.

Citizen to equal protection of the laws

## (31).

*Debtor //*Plaintiff also shows that the actions of the defendants if allow to continue,

would cause **more severe hardship on the debtor and on other Creditors** listed

on debtor's bankruptcy chapter 13 petition; and that the Plaintiff would not be able

to pay the balance of any court cost due and owed to this court.

## STATEMENT OF FACTS

## _____Part "B"_____

## (32).

*Debtor //*Plaintiff shows that **on December 2nd 2010** ,  defendant (IRS officer, Mr.

Davis) sent debtor ***mailings asking debtor*** to contact defendant  (IRS) about

determination of liability on a pre-petition debt after receiving notice of automatic

stay order that was sent and faxed both Defendants by both the debtor and the court clerk's office; **and** that the debtor felt been harassed and intimidated by the above action(s).

See: enclosed Exhibit

## (33).

*Debtor //*Plaintiff shows that **again** <u>on December 6th 2010</u>, defendant (IRS office Mr. Davis) sent debtor ***mailings asking debtor*** to contact defendant about pre-petition payments, determination of liability on a pre-petition debts; despite receiving notice of automatic stay order that was sent or faxed to both Defendants by both the debtor <u>and **by** the court clerk's office</u>; **and** that the debtor felt been harassed and intimidated by the above collection action(s) by the defendants. **<u>See:</u>** enclosed Exhibit.

## (34).

*Debtor //*Plaintiff shows that On or about that **again** <u>on December 6th 2010</u> October 29th, 2010, Debtor / Plaintiff after properly listed the names & address of the Defendants, as "creditors or concern parties" on her bankruptcy petition; **<u>and</u>**

**that** the Court clerk's office also **"properly gave or notified defendants a of debtors bankruptcy petition filing"**, and that they still failed to honor the notice and automatic stay order of this court.

**See**: Exhibit "A -2" (Matrix list of debtor creditor's names & addresses).

### (35).

Plaintiff shows that defendants herein violated her civil rights under the color of law (U.S. Internal Revenue Laws or rules); and that defendants actions against Plaintiff when they violated the U.S. Bankruptcy Court Automatic Stay Order on each and all occasion as stated in this complaint, defendants did violate Plaintiff civil rights **not to be** deprive of her property (**$11,994.00** ),  liberty & freedom, without "due process", **and to be accorded the "Equal -protection" of the U.S. Bankruptcy laws she relied on,** and as further guaranteed under the fourteenth Amendment to the United States Constitution (Art, X1V, U.S. Constitution).

# FIRST CLAIM FOR RELIEF

## Art.X1V, U.S. Constitution, 42 U.S.C.A.-1983
## VIOLATION OF EQUAL PROTECTION 0F LAW
## On the bases of National Origin

### (36).

Plaintiff herein incorporates by reference and re-alleges all of the preceding

paragraphs of this complaint as if fully set forth herein:

### (37).

*Debtor* //Plaintiff shows that the above conduct by the defendants violated the right

of Plaintiff not to be deprived of the equal protect of the laws on the basis of

National origin under the fourteenth Amendment constitution, (Art. X1V, U.S.

Constitution).

## (38).

In addition to the above, Plaintiff shows that defendants after receiving notice of

the Court Automatic stay order that was sent and faxed to both Defendants by the

debtor and by the court clerk's office; on <u>or about October 29th, 2010,</u> defendants

neglected **to wait after** receiving the **notice** of bankruptcy filing, and subjected

Plaintiff to intentionally debiting the account of the company she solely owed.

<u>However,</u> under normal circumstances, Defendants **will not** <u>subject other</u> persons

born in United States, given the same bankruptcy stay order notice as aforesaid

herein; and in so doing **or** by not performing the aforesaid **equal** treatment and

requirements, <u>defendants have subjected Plaintiff **to adverse** treatment(s) as a</u>

**result thereof.**

## (39).

Plaintiff shows that the defendants, by refusing not to honor  U.S. bankruptcy stay

order notice usage, and customs, In obeying U.S. bankruptcy stay orders, notices

as aforesaid, to and of whom Defendants disapproved, while honoring such

requirements as aforesaid to similar persons whom Defendants approved,

Defendants have in effect, created two classes of African American Citizens; one

born in America by a slave descendant of Africa, and the other one(s) born by a

non-slave descendant of Africa as an America citizen; such as or like most

Nigerians here in the U.S.

## (40-A).

Plaintiff shows there is no rational bases for Defendants treatment of the Plaintiff

or for the classification Defendants have created. The course of conduct taken by,

or attributed to Defendants is not tailored to further any legitimate, substantial or

compelling interest. Accordingly, their conduct violates the equal protection

guarantee found in Art. X1V. U.S. Constitution.

## (40-B).

Plaintiff shows that it is well established that some or most Americans like

Defendants  employees, have dislike for African American citizens especially, of

African Americans decent not born here in the U.S.; and that the Plaintiff is an

African American citizen of Nigeria decent, who has provided valuable services

over the years to her country (U.S.A) community, by creating jobs for other

families over the years, and by taking good care of thousands of little children in

the community through the Day (Stella Early Learning Center, Inc.) business

which she solely owned.

## (41).

Plaintiff shows that as a result of Defendants unconstitutional actions, Plaintiff has

suffered substantial injuries beyond doubt; including and not limited to: personal

injuries, financial losses, emotional pain, and mental anguish; and for anyone to

question the validity of the truth contained herein, such a person(s), need only to

go through what Plaintiff went through and still is going through, to understand the

seriousness of the damages.

## (42).

The acts of the Defendants herein were performed knowingly, recklessly,

intentionally, and maliciously, by reason of which Plaintiff / debtor is entitled and

request that the Court award actual damages, **of $11,994.00** , plus punitive

damages in the amount of $500,000.00, for an aggregate award of $511, 994.00, to

be supplemented, if necessary, by an additional award of punitive damages in the

amount of $1,500 per calendar day for any subsequent stay violation by the

defendants in this case; and with post judgment interest on such sums at the current

federal post-judgment interest rate( 0.58% or as adjusted) until paid, with all court

costs, if any, taxed against the Defendants individually, and jointly according to

proof by Plaintiff against all defendants in their individual capacity; and **FOR**

**EACH OF THE TIME** defendant(s) violated the U.S. Bankruptcy Automatic

Stay Order **as stated** herein this Complaint (for on or about 11/05/10, 12/02/10,

12/06/10 & thereafter).

## SECOND CLAIM FOR RELIEF

## UNDER

## Art. X1V U.S. Constitution, 42 U.S.C.A.1983

## Right not to deprive of liberty or "property"

## Without due process of the law

## (43).

Plaintiff herein incorporates by reference and re-alleges all of the preceding

paragraphs of this complaint as if fully **set forth herein:**

## (44).

The above conduct by the defendants violated the right of Plaintiff not to be

deprived of liberty or "property" (Plaintiff's **$11,994.00)** without due process of

law protected under the fourteenth Amendment constitution, (Art. X1V, U.S. -

Constitution).

## (45).

In addition to the above, Plaintiff shows that defendants on or about November 4th,

2010, **agreed to intentionally** refuse or neglect to obey U.S. bankruptcy stay order

notice issue to defendants, as as required under U.S. Bankruptcy law, **before**

subjecting Plaintiff to the actions contained herein; and that in so doing **or** in not

performing the aforesaid **requirements,** defendants conspire to subject Plaintiff to

adverse treatment(s), loss of liberty and property, and as a result of their

**Conspiracy** fully outlined in this and **all** the pleadings and complaint(s) filed or

knowing full well **or** should have known fully well that the U.S. bankruptcy

automatic stay order notice should have been followed, and that by so doing, the

Defendants were in violation of State and federal bankruptcy automatic stay order

Notice / law.

**(46).**

Plaintiff shows there are no rational bases for Defendants treatment of the Plaintiff;

the course of conduct taken by, or attributed to Defendants is not tailored to further

any legitimate, substantial or compelling interest. Accordingly, their conduct

violates Plaintiff's rights not to be deprived of liberty or "property" without due

process of law guaranteed under Art. X1V. U.S. Constitution.

**(47).**

Plaintiff shows that as a result of Defendants unconstitutional actions, Plaintiff has

suffered substantial injuries beyond doubt; including and not limited to: medical

injuries, career injuries, financial losses, emotional pain, and mental anguish; and

for anyone to question the validity of the truth contained herein, such a **person(s)**,

need only to go through what Plaintiff went through and still is going through, to

understand the seriousness of the damages

**(48).**

The acts of the Defendants herein were performed knowingly, recklessly,

intentionally, and maliciously, by reason of which Plaintiff / debtor is entitled and

request that the Court award actual damages, **of $11,994.00** , plus punitive

damages in the amount of $500,000.00, for an aggregate award of **$511, 994.00,**

to be supplemented, if necessary, by an additional award of punitive damages in the amount of $1,500 per calendar day for any subsequent stay violation by the defendants in this case; and with post judgment interest on such sums at the <u>current</u> federal post-judgment interest rate( 0.58% or as adjusted) until paid, with all court costs, if any, taxed against the Defendants individually, and jointly according to proof by Plaintiff against all defendants in their individual capacity.

## THIRD CLAIM FOR RELIEF

USE OF CONSPIRACY

TO DEPRIVE RIGHTS GUATRANTED UNDER

## Art. X1V U.S. Constitution, 42 U.S.C.A.1983

## (49).

Plaintiff herein incorporates by reference and re-alleges all of the preceding paragraphs of this complaint as if fully set forth herein:

**(50).**

Plaintiff herein shows that the Defendants, in doing the acts and things complained

of before this Court, **the Defendants were conspirators by "agreement"**,

conduct, and action(s), engaged in a scheme and conspiracy designed and intended

**to deny and deprive** Plaintiff of **rights** guaranteed to her under the Constitution

and laws of the United States and in particular those herein enumerated in the

relief's sought here in this complaint.

**(51).**

The above conduct by the defendants violated the rights of Plaintiff not to be

deprived of liberty or property (**$11,994.00)** without due process of law, equal

protection under the law, and to be secured in person against unreasonable

searches, and seizure guaranteed, and protected   under the fourteenth Amendment

of U.S. Constitution, (Art. X1V, U.S. - Constitution).

**(52).**

In addition to the above, Plaintiff shows that defendants on or about November 4th,

2010 **agreed, to intentionally** fail or neglect to obey the U.S. Bankruptcy court

Automatic Stay Order issued on October 25th, 2010 issued to all concerned parties,

and/or as required under the U.S. Bankruptcy laws, policy, usage, or customs, in

issuing Automatic Stay Orders as routinely provided the United States Bankruptcy

laws, to other persons born in United States **before** subjecting a Plaintiff "**after**

**reaching an agreement",** not to obey the U.S. Bankruptcy court Automatic Stay

Order. In so doing **or** in not performing the aforesaid **requirements** defendants

conspire to subject Plaintiff to adverse treatment(s), loss of liberty and property, as

a result of their **Conspiracy** fully outlined in this and **all** the pleadings and

complaint(s) filed in this Court knowing full well **or** should have known fully well

that the U.S. Bankruptcy court Automatic Stay Order issued on October 25th, 2010

must be obeyed by all concern parties who receive such notice; and that by so not

doing, the defendants were in violation of the aforesaid federal law.


## (53).


Plaintiff shows there are no rational bases for Defendants treatment of the Plaintiff

as aforesaid; and that the course of conduct taken by, or attributed to, Defendants is

not tailored to further any legitimate, substantial or compelling interest.

Accordingly, their conduct violates Plaintiff's rights not to be deprived of liberty or

property **($11,994.00)** without due process of law guaranteed under Art. X1V. U.S.

Constitution by way of any conspiracy(s).

## (54).

Plaintiff shows that as a result of Defendants conspiracy(s) and unconstitutional

actions, Plaintiff has suffered substantial injuries beyond doubt; including and not

limited to: financial losses, **emotional pain**, and **mental** anguish; and for anyone

to question the validity of the truth contained herein, such a **person(s)**, need only to

go through what Plaintiff want through and still is going through, to understand the

seriousness of the damages or injuries.

## (55).

The acts of the Defendants were performed knowingly, recklessly, intentionally,

maliciously, and by agreement of all the defendants named in this complaint; by

reason of which Plaintiff is entitled and request that the Court award actual and

Compensatory damages, and **Punitive** damages in the amount of **$4 million**

**dollars**; and/**or** in an amount to be determined according to proof by Plaintiff

against all defendants in their individual capacity(s); and to be supplemented by an

additional award of punitive damages in the amount of **$1,500** per calendar day for

any subsequent stay violation by the defendants in this case; with all court costs, if

any, taxed against the Defendants individually, and jointly.

## FOURTH CLAIM FOR RELIEF

## RETALIATION AGAINST EXCERCISE OF

## FREEDOM OF SPEECH

## RIGHTS GUATRANTED UNDER

## Art. X1V U.S. Constitution, 42 U.S.C.A.1983

### (56).

Plaintiff herein incorporates by reference and re-alleges all of the preceding

paragraphs of this complaint as if fully set forth herein

### (57).

Plaintiff herein shows that the Defendants, in doing the acts and things complained

of before this Court, **the Defendants were conspirators by "agreement"**,

conduct, and action(s), engaged in a scheme and conspiracy designed and intended

**to deny and deprive** Plaintiff of **rights** guaranteed to him under the Constitution and bankruptcy laws of the United States and in particular those herein enumerated in the relief's sought here in this complaint.


**(58).**


The above conduct by the defendants violated the rights of Plaintiff not to be subjected to any retaliation for the right to exercise Of **freedom of speech rights**, liberty without due process of law, or equal protection under the law, and to be secured in person against unreasonable searches, and seizure guaranteed, and protected  under the fourteenth Amendment of U.S. Constitution, (Art. X1V, U.S. - Constitution).

**(59).**


In addition to the above, Plaintiff shows that defendants on November 4th, 2010, **agreed to intentionally** fail or neglect to obey the U.S. Bankruptcy court Automatic Stay Order issued on October 25th, 2010 issued to all concerned parties, as required under U.S. Bankruptcy court policy, usage, or customs, in issuing Automatic Stay Orders to other persons born in United States before subjecting the Plaintiff to the mistreatments contained herein this complaint, **"after reaching an**

**agreement" to do**. In so doing **or** in not performing the aforesaid Automatic Stay **requirements,** defendants conspire to subject Plaintiff to adverse treatment(s), loss or deprivation of liberty and her property, as a result of their **Conspiracy** fully outlined in this complaint to this Court.

## **(60).**

Plaintiff shows there are no rational bases for Defendants treatment of the Plaintiff; the course of conduct taken by, or attributed to, Defendants is not tailored to further any legitimate, substantial or compelling interest. Accordingly, their conduct violates Plaintiff's rights not to be deprived of liberty (freedom) without due process of law guaranteed under Art. X1V. U.S. Constitution by way of any conspiracy(s).

## **(61).**

Plaintiff herein shows that on 10/25/10, when she filed for chapter 13 bankruptcy, and notified the defendants of it, defendants displayed a feeling of dissatisfaction towards Plaintiff about her chapter 13 bankruptcy filing; and insist that the Plaintiff/ debtor should make payments directly to the I.R.S., instead of through the Bankruptcy courts.

## (62).

Plaintiff showed that because Plaintiff only wanted to honestly reorganize her

financial condition, did she filed for chapter 13 bankruptcy, and that the

Defendants acting together, **"retaliated"** by debiting the debtors day care business

which she owns 100%.

## (63)

Plaintiff herein shows that the above-described conduct by the defendant(s)

violated Plaintiff's right to freedom of speech under the first Amendment of the

United States Constitution Art. 1. U.S. Constitution by retaliation(s), chilling, and

"deterring" Plaintiff from wanting to exercise her right as aforesaid herein.

## (64).

Plaintiff herein shows that the aforesaid acts of the Defendant(s) were performed

knowingly, recklessly, intentionally, maliciously, and by agreement of all the

defendants; by reason of which Plaintiff is entitled and request that the Court

award actual, & <u>Compensatory</u> damages, including **<u>Punitive</u>** damages in the

amount of **$1.5 million dollars**; **or** in an amount to be determined according to proof by Plaintiff against all defendants in their individual capacity(s) **FOR EACH TIME** defendant(s) violated the U.S. Bankruptcy Automatic Stay Order **as stated** herein this Complaint (for on or about 11/05/10, 12/02/10, 12/06/10 & thereafter).

Dated this 15th Day of December, 2010.

Respectfully Submitted:

By: _Stellahingwe_____

**Stella Unigwe, d/b/a: Stella Early Learning Center. (Chapter 13 Debtor)**

2330 Coronet Way, Atlanta, Ga. 30318.

**(770)514 -0722, and (404) 351 -8087.**

## VERIFICATION

Personally appearing before the undersigned dully authorize officer of oath is

Stella Unigwe, Individually, and d/b/a: Stella Early Learning Center. (Chapter 13

Debtor), after first being sworn deposes and states that the facts, allegations, and

exhibits contained in this COMPLAINT, is true and correct to the best of my

knowledge and belief.


**By:** _____

Stella Unigwe,Individuaaly; and d/b/a:

Stella Early Learning Center, Inc.


**Sworn to and subscribe before Me**

**This 15th, day of December 2010**

**By:** _____

Notary Public.

My commission expires:

ROBBIE COCHRAN
NOTARY PUBLIC
Paulding County - State of Georgia
My Comm. Expires July 28, 2012

# **<u>EXHIBITS</u>**

EXHIBITS:

EXHIBITS:

A - 1 - - - - -
A - 2 - - - -
A - 3 - - -
A - 4 - - -      LETTER OF BANKRUPTCY NOTICES SENT TO DEFENDANTS. VIA: FAX. CONFIRMED O.K. THAT IT WAS RECEIVED.

B - 1 - - - -
B - 2 - - - -
B - 3 - - -      FUNDS WITHDRAWN FROM DEBTOR'S BUSINESS ACCOUNTS AFTER THEY WERE INFORMED OF BANKRUPTCY FILING BY DEFENDANTS I.R.S./MAXIMUS.

C - - - - - → DEMAND LETTER TO RETURN FUNDS SENT TO DEFENDANTS WHICH THEY RECEIVED & REFUSED.

D "1 & 2" - - → EVIDENCE SHOWING THAT I.R.S. AND MAXIMUS ACTED TOGETHER TO WITHDRAWN PLAINTIFF FUNDS IN VIOLATION OF STAY ORDER.

E - 1 - - - -
E - 2 - - -      CORPORATE RESOLUTION AND STATEMENT SHOWING THAT THE PLAINTIFF IS THE SOLE-OWNER OF STELLA'S EARLY LEARNING CT. INC

F - 1 - - - -
F - 2 - - -      EVIDENCE OF I.R.S. CONTINUED VIOLATION OF STAY ORDER AFTER DECEMBER 1ST HEARING, AND BANKRUPTCY FILING NOTICE RECEIVED

G - - - - CREDITORS LIST SHOWING THAT I.R.S. & MAXIMUS WAS PROPERLY LISTED & SERVED BY THE COURT AND BY PLAINTIFF.

**To**: **Internal Revenue Service**
    PO Box 105050
    **Atlanta, GA** 39901-0002
    Attn: Marsha Moore & Harvey Davis.
    Fax#: (404) 338-9726.

**To: Bank of America** – Legal Department.
    P. O. Box 25118.
    Tampa, FL. 33622.

**To: Maximus**
    34 Peachtree Street. Suite #: 2400.
    Atlanta, Ga. 30303.
    Fax#: (404) 601-1030.

**From:** Stella Early Learning Center and c/o. Stella Uniqwe.
    SS#:0632, EIN#: 58-1939421, and 58-1848279.
    2330 Coronet Way. N.W.  Atlanta, Ga. 30318-2116.

**Subject: Notification of Bankruptcy Case Filing; and Request to
    Release Hold on Debtor's Business Financial Accounts.**

**Dated: October, 29th, 2010.**

**Sent: Via Fax, U.S. Mail**

_____

**Sir/ Madam:**

**Enclosed please find YOUR NOTICE AND PROOF OF Bankruptcy
case filing (#: 10- 91637) by Debtor** Stella Uniqwe, 100% sole owner, and
d/b/a: Stella Early Learning Center just filed on October 25th, 2010.

Based on the within notification and request, you are required to release all
your current hold, freeze, or levy on debtor's business & personal financial
banking accounts, and /or financial transactions accounts under your control
**or** direction; in compliance with **11 U. S. C. section 362 (A) Automatic
Stay-** without delay; **and** Failure of which, is sanctionable under same code.

1

The following financial account(s) numbers, SS#, or ENI #'s are currently being held by you based on your direction, or are under your control, and said hold or levy need to be released to enable debtor's current post-petition Bankruptcy plan, and financial activities:

**(1). Bank America (Act#: 003265451940 & Act#: 003252938859).**

**(2). Maximus – (58- 1939421, and 58- 1848279).**

**(3).  I.R.S.** - SS#:0632, EIN#: 58-1939421, and 58-1848279.

**Yours Truly.**

**Enclosure:**
**CC: 083055**

2

B1 (Official Form 1) (4/10)

<table>
<tr><td colspan="2" align="center">UNITED STATES BANKRUPTCY COURT<br>Northern District of Georgia.</td><td align="center">VOLUNTARY PETITION</td></tr>
</table>

| Name of Debtor (if individual, enter Last, First, Middle):<br>UNIQWE STELLA, | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): D/B/A :<br>Stella Early Learning Center, Inc. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>0632, 58 -1939421, and 58 -1848279, | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>2330 Coronet way N.W.<br>Atlanta, Ga. 30318-2116.<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Fulton County . | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | 10-91637 ZIP CODE |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7        ☐ Chapter 15 Petition for<br>☐ Chapter 9            Recognition of a Foreign<br>☐ Chapter 11          Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☑ Chapter 13          Recognition of a Foreign<br>                            Nonmain Proceeding |
|  | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer   ☑ Debts are primarily<br>debts, defined in 11 U.S.C.         business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached.<br><br>☑ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment<br>on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

OCT 25 2010 PM 01:47

FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT NORTHERN DISTRICT GEORGIA

*EXHIBIT A-3*

```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 10/29/2010 11:11
                                    NAME  : COBB LAW LIBRARY
                                    FAX   : 7705281152
                                    TEL   : 7705281884
                                    SER.# : 000M7N339008

  DATE,TIME                10/29  11:10
  FAX NO./NAME             94043389726        —    I.R.S.
  DURATION                 00:01:07
  PAGE(S)                  03
  RESULT          √        OK
  MODE                     STANDARD
                           ECM
```

**To:** **Internal Revenue Service**
    PO Box 105050
    **Atlanta, GA** 39901-0002
    Attn: Marsha Moore & Harvey Davis.
    Fax#: (404) 338-9726.

**To:** **Bank of America** – Legal Department.
    P. O. Box 25118.
    Tampa, FL. 33622.

**To:** **Maximus**
    34 Peachtree Street. Suite #: 2400.
    Atlanta, Ga. 30303.
    Fax#: (404) 601-1030.

**From:** Stella Early Learning Center and c/o. Stel a Uniqwe.
    SS#:0632, EIN#: 58-1939421, and 58-1848279.
    2330 Coronet Way. N.W. Atlanta, Ga. 30318-2116.

**Subject: Notification of Bankruptcy Case Filing; and Request to
Release Hold on Debtor's Business Financial Accounts.**

**Dated: October, 29th, 2010.**

**Sent: Via Fax, U.S. Mail**

*EXHIBIT A-4*

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME  : 10/29/2010 11:15
NAME  : COBB LAW LIBRARY
FAX   : 7705281152
TEL   : 7705281884
SER.# : 000M7N339008
```

```
DATE,TIME          10/29  11:13      √    MAXIMUS.
FAX NO./NAME       94046011030
DURATION           00:01:08
PAGE(S)        √   03
RESULT             OK
MODE               STANDARD
                   ECM
```

**To: Internal Revenue Service**
PO Box 105050
**Atlanta, GA** 39901-0002
Attn: Marsha Moore & Harvey Davis.
Fax#: (404) 338-9726.

**To: Bank of America** – Legal Department.
P. O. Box 25118.
Tampa, FL. 33622.

**To: Maximus**
34 Peachtree Street. Suite #: 2400.
Atlanta, Ga. 30303.
Fax#: (404) 601-1030.

**From:** Stella Early Learning Center and c/o. Stella Uniqwe.
SS#:0632, EIN#: 58-1939421, and 58-1848279.
2330 Coronet Way. N.W. Atlanta, Ga. 30318-2116.

**Subject: Notification of Bankruptcy Case Filing; and Request to
Release Hold on Debtor's Business Financial Accounts.**

**Dated: October, 29th, 2010.**

**Sent: Via Fax, U.S. Mail**

| Form 668-A(ICS) | Department of the Treasury — Internal Revenue Service |
|---|---|
| (Rev. July. 2002) | **Notice of Levy** |

DATE: 11/04/2010

REPLY TO: **Internal Revenue Service**
**HARVEY DAVIS JR**
**5240 SNAPFINGER PARK DRIVE STE 190**
**DECATUR, GA 30035**

TELEPHONE NUMBER
OF IRS OFFICE: (404)338-9647

#10059
*Lien activated for 246,014.00*

NAME AND ADDRESS OF TAXPAYER:
**STELLAS EARLY LEARNING CTR**
2830 CORONET WAY NW
ATLANTA, GA 30318-2116

TO: **MAXIMUS INC.**
**34 PEACHTREE ST**
**ATLANTA, GA 30303**

*Chk# 1710411 — 1,766.00*
*1710412 — 5518.06*
*1710413 — 4710.00*
*11,994*

IDENTIFYING NUMBER(S): 58-1939421

STEL

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 941 | 12/31/2001 | $7,215.22 | $4,203.12 | $11,418.34 |
| 941 | 12/31/2002 | $33,236.52 | $12,237.10 | $45,473.62 |
| 941 | 09/30/2003 | $10,301.36 | $4,744.55 | $15,045.91 |
| 941 | 12/31/2003 | $4,711.48 | $2,133.59 | $6,845.07 |
| 941 | 03/31/2004 | $10,583.09 | $4,592.57 | $15,175.66 |
| 941 | 06/30/2004 | $9,314.85 | $3,793.41 | $13,108.26 |
| 941 | 09/30/2004 | $11,512.94 | $4,152.93 | $15,665.87 |
| 941 | 03/31/2005 | $4,947.93 | $1,753.92 | $6,701.85 |
| 941 | 06/30/2005 | $4,405.22 | $1,493.93 | $5,899.15 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ===============================> | Total Amount Due | See page 4 |
|---|---|---|

We figured the interest and late payment penalty to __12/04/2010__

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy —
1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| **HARVEY DAVIS JR** | **REVENUE OFFICER** |

Part 1 —  For Addressee     Catalog No. 35389E    www.irs.gov     Form 668-A(ICS) (7-2002)

*EXHIBIT "A-1" "A-1"*

| Form 668-A(ICS) | Department of the Treasury — Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy** |

DATE: 11/04/2010

REPLY TO: Internal Revenue Service
**HARVEY DAVIS JR**
**5240 SNAPFINGER PARK DRIVE STE 190**
**DECATUR, GA 30035**

TELEPHONE NUMBER
OF IRS OFFICE: **(404)338-9647**

NAME AND ADDRESS OF TAXPAYER:
**STELLAS EARLY LEARNING CTR**
**2330 CORONET WAY NW**
**ATLANTA, GA 30318-2116**

TO: **MAXIMUS INC.**
**34 PEACHTREE ST**
**ATLANTA, GA 30303**

IDENTIFYING NUMBER(S): 58-1939421

STEL

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 941 | 09/30/2005 | $9,568.07 | $2,904.88 | $12,472.95 |
| 941 | 03/31/2006 | $5,822.11 | $1,515.69 | $7,337.80 |
| 941 | 06/30/2006 | $16,042.66 | $3,924.60 | $19,967.26 |
| 941 | 09/30/2006 | $12,754.29 | $1,093.54 | $13,847.83 |
| 941 | 03/31/2007 | $9,474.68 | $1,620.47 | $11,095.15 |
| 941 | 06/30/2007 | $10,682.55 | $1,576.21 | $12,258.76 |
| 941 | 09/30/2007 | $5,536.44 | $713.82 | $6,250.26 |
| 941 | 12/31/2007 | $22,111.43 | $2,481.11 | $24,592.54 |
| 941 | 03/31/2008 | $2,605.78 | $252.66 | $2,858.44 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ================================== ⇒ | Total Amount Due | See page 4 |
|---|---|---|

We figured the interest and late payment penalty to **12/04/2010**                     246,014

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code <u>must hold your money for 21 calendar days</u> before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| **/S/ HARVEY DAVIS JR** | **REVENUE OFFICER** |

Part 4 –    For Taxpayer

Form 668-A(ICS) (7-2002)

EXHIBIT: "A-2" "A-2"

## TO WHOM IT MAY CONCERN:

This is to certify and resolve, that **all** (100%) of the corporation assets & Liabilities

belonging to Stella Early Learning Center, Inc., are herein transferred to Stella Unigwe,

individually, for the sum of $10.00. They are now assets & liabilities of Stella Unigwe.

Dated this __30th_ Day of September, 2010

By: _Stella Unigwe_____

    Stella Unigwe (President & Owner)

    Stella Early Learning Center, Inc.

**Accepted:**

By: _Stella Unigwe_____

    Stella Unigwe (Individually)

Witness By: _Ike Unigwe_____

    Ike Unigwe.

*EXHIBIT E-2*

# TO WHOM IT MAY CONCERN

This is to certify that a corporate resolution for Stella's Early Learning Center Inc;, was entered on or about September 30th, 2010 **stating as follows:**

**1).** That Stella Unigwe who originally owns 100% of the corporation shares, is   now the corporation's new president effective immediately.

**2).** That all of the corporation assets and liabilities are transferred to Stella Early Learning Center, Inc.

**3).** That the corporation would seek to reinstate its status with the Georgia secretary of State – Corporation division as soon as possible.

**4).**That Ike Unigwe new position would continue to be the registered agent for the corporation; and would also act as the corporation vice- president.

**5).** Notwithstanding the aforesaid, Stella Unigwe, as owner of the aforesaid corporation, was allowed to conduct business in the name of the corporation as: Stella Unigwe D/B/A: Stella Early Learning Center, Inc. since September 30th, 2010.

By: *Ike Unigwe*

Ike Unigwe,Jr.(secretary)) Stella Early Learning Center, Inc.

**Sworn to and subscribe before Me**

**This 16th, day of December 2010**

By: _____

Notary Public.

My commission expires:

ROBBIE COCHRAN
NOTARY PUBLIC
Paulding County - State of Georgia
My Comm. Expires July 28, 2012

**Internal Revenue Service**
5240 SNAPFINGER PARK DRIVE STE 190
DECATUR, GA 30035

**Department of the Treasury**

Letter Number: 3164A (DO)

Date:
   12/02/2010
Social Security Number or
Employer Identification Number:
   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
Contact Person:
   HARVEY DAVIS JR
Contact Telephone Number:
   (404)338-9647
Employee Identification Number:
   1000250673

STELLA UNIGWE
2104 BRECONRIDGE DR SW
MARIETTA, GA 30064

We are attempting to collect unpaid taxes from the business named below.

**BUSINESS NAME:** STELLAS EARLY LEARNING CTR
**ADDRESS:** 2330 CORONET WAY NW
ATLANTA, GA 30318-2116

**EIN:** 58-1939421

We are now determining who may be personally responsible for some portion of the tax. We have received information that indicates you may have some responsibility for the tax. We encourage you to contact us if you have information that would help us determine your personal liability.

As part of this determination process, we sometimes talk with other persons when we need to obtain or verify related information. If we do contact other persons, we will generally need to provide them limited information about you, such as your name. The law prohibits us from disclosing any more information than is necessary. Our need to contact other persons may continue until we collect the tax.

If you have any questions regarding this letter or wish to request a list of people we contact regarding this matter, please call us at the telephone number shown above.

Sincerely,

HARVEY DAVIS JR
REVENUE OFFICER

Letter 3164-A (7-2010)

EIN 58-1939421

TFRP Pay sheet    Tue Nov 30 10:28:28 2010

| TC | TC-dt | TC-amt | Tax Only | Employer | Employee | IncTaxWith | TrustFundP |
|---|---|---|---|---|---|---|---|
| 200306 | | 6219.81 | 10339.17 | 3944.76 | 3944.76 | 2449.65 | 6394.41 |
| 650 0 | 06/17/2003 | -4119.36 | 4119.36 | 3944.76 | 174.60 | 0.00 | 174.60 |
| 150 0 | 12/06/2010 | 10339.17 | 4119.36 | 3944.76 | 174.60 | 0.00 | 174.60 |
| 166 0 | 12/06/2010 | 1399.46 00 | 4119.36 | 3944.76 | 174.60 | 0.00 | 174.60 |
| 186 0 | 12/06/2010 | 740.24 | 4119.36 | 3944.76 | 174.60 | 0.00 | 174.60 |
| 196 0 | 12/06/2010 | 3956.10 | 4119.36 | 3944.76 | 174.60 | 0.00 | 174.60 |
| 276 0 | 12/06/2010 | 1554.95 00 | 4119.36 | 3944.76 | 174.60 | 0.00 | 174.60 |
| Period Balance | | | 6219.81 | 0.00 | 3770.16 | 2449.65 | 6219.81 |
| Balance Sub-totals | | | 6219.81 | 0.00 | 3770.16 | 2449.65 | 6219.81 |
| 200806 | | 6589.47 | 10677.89 | 4088.42 | 4088.41 | 2501.06 | 6589.47 |
| 650 0 | 08/18/2008 | -4000.00 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| 150 0 | 06/22/2009 | 10677.89 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| 166 0 | 06/22/2009 | 2402.53 00 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| 186 0 | 06/22/2009 | 1067.79 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| 196 0 | 06/22/2009 | 426.67 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| 276 0 | 06/22/2009 | 387.28 00 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| 276 0 | 07/27/2009 | 333.89 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| 276 0 | 10/18/2010 | 1001.68 00 | 4000.00 | 4000.00 | 0.00 | 0.00 | 0.00 |
| Period Balance | | | 6677.89 | 88.42 | 4088.41 | 2501.06 | 6589.47 |
| Balance Sub-totals | | | 12897.70 | 88.42 | 7858.57 | 4950.71 | 12809.28 |
| 200809 | | 4208.59 | 7708.59 | 3019.14 | 3019.14 | 1670.31 | 4689.45 |
| 650 0 | 11/06/2008 | -3500.00 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| 150 0 | 06/22/2009 | 7708.59 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| 166 0 | 06/22/2009 | 946.93 00 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| 186 0 | 06/22/2009 | 770.86 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| 196 0 | 06/22/2009 | 164.57 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| 276 0 | 06/22/2009 | 168.34 00 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| 186 0 | 07/27/2009 | 210.43 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| 276 0 | 10/18/2010 | 631.29 00 | 3500.00 | 3019.14 | 480.86 | 0.00 | 480.86 |
| Period Balance | | | 4208.59 | 0.00 | 2538.28 | 1670.31 | 4208.59 |
| Balance Sub-totals | | | 17106.29 | 88.42 | 10396.85 | 6621.02 | 17017.87 |

**Internal Revenue Service**
5240 SNAPFINGER PARK DRIVE STE 190
DECATUR, GA 30035

**Department of the Treasury**

Date:
  12/06/2010
Social Security or
Employer Identification Number
  58-1939421
Person to Contact:
  HARVEY DAVIS JR
Contact Telephone Number:
  (404)338-9647
Employee Identification Number:
  1000250673

**CERTIFIED MAIL - RETURN RECEIPT**

STELLAS EARLY LEARNING CTR
2330 CORONET WAY NW
ATLANTA, GA 30318-2116

## FINAL NOTICE
### NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
*PLEASE RESPOND IMMEDIATELY*

**Why We Are Sending You This Letter**
Your federal tax is still unpaid. We asked you to pay the tax, but we still haven't received your payment. This letter is your notice of our intent to levy (under Internal Revenue Code (IRC) Section 6331) and your right to request an Appeals hearing (under IRC Section 6330(a)).

**What You Need To Do**
Please send us a full payment today to prevent additional collection action. Make your check or money order payable to "United States Treasury". Write your Social Security number or Employer Identification Number on your payment. Send your payment to us in the enclosed envelope, along with a copy of this letter. The amount you owe through 01/05/2011 is $13,916.24. Additional penalty and interest charges will be due if you pay after this date.

If you wish to request an Appeals hearing, complete the enclosed Form 12153, *Request for a Collection Due Process or Equivalent Hearing,* and send it to us within 30 days from this letter's date. You must complete, sign, and return this form to the above address within 30 days to preserve your rights to contest an Appeals' decision in the U.S. Tax Court.

**Information about Interest and Penalty Charges**
The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes any credits and payments we've received since we sent our last notice to you. Below is a brief explanation of the interest and/or failure to pay penalty that may be included in the amount you owe:

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full. Interest is also charged on penalties for late filing and failure to pay tax owed. Interest compounds daily, except on late or underpaid estimated income taxes for individuals or corporations.

**Letter 1058 (Rev. 10-2008)**
Catalog Number: 40488S

Taxpayer Identification Number: 58-1939421

Compound Interest – We charge additional interest of 2 percent if, according to our records, you didn't make your corporate tax (income, employment, excise, etc.) payment within 30 days after we notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment of tax amounts you owe over $100,000, minus your timely payments and credits.

**Paying Late - Internal Revenue Code Section 6651(a)(2), (a)(3) and (d)(1)**
We charge a late penalty of ½ percent of the tax owed each month or part of a month that the tax remains unpaid from the due date, up to a maximum of 25 percent of the tax due. The ½ percent increases to 1 percent for each subsequent month or part of a month if the tax remains unpaid 10 days after we issue a notice of intent to levy.

**What We Are Going To Do**
We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request an Appeals hearing within 30 days from this letter's date, we may take collection action against your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, and other income.

**How To Get Help**
If you have recently paid this tax or if you can't pay it, call us immediately at the telephone number shown at the top of this letter.

The enclosed Publication 594, *The IRS Collection Process,* and Publication 1660, *Collection Appeal Rights,* provide more information.

Sincerely yours,

HARVEY DAVIS JR
REVENUE OFFICER

Enclosures:
Copy of this letter
Publication 594
Publication 1660
Form 12153

The table below shows the amount you owe:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | Amount You Owe |
|---|---|---|---|---|---|
| 941 | 06/30/2003 | $13,870.56 | $0.00 | $45.68 | $13,916.24 |

Total:        $13,916.24

**Letter 1058 (Rev. 10-2008)**
                    **Catalog Number: 40488S**

**10-91637-JRS**

Internal Revenue Service
600 S. Maestrail Pl
New Orleans, LA  70130

GA Dept of Revenue
PO Box 105499
Atlanta, GA  30348

Fulton Co Tax Comm
PO Box 105052
Atlanta, GA  30348

BAC Home Loans
450 America Street #SV416
Simi Valley, CA  93065

City of Atlanta
Watershed Department
PO Box 105275
Atlanta, GA  30348

Vesta Holdings
1266 West Paces Ferry Road
Atlanta, GA  30327

Macy's
9111 Duke Blvd
Mason, OH  45040

Select Portfolio Services
3815 SW Temple
Salt Lake City, UT  84115

Citi Premier Card
PO Box 6500
Sioux Falls, SD  57117

Veronica Sigalo
457 Rockboro Terrace
Stone Mountain, GA  30083

Internal Revenue Service
5240 Snapfinger Park Drive 190
Decatur, GA  30035

Sears Credit Cards
PO Box 183081
Columbus, OH  43218

Bianca Unique
2104 Breckonbridge Drive
Marrietta, GA  30064

Abraham Unique
2104 Breckonbridge Drive
Marietta, GA  30064

Uju Moh
9411 Main Street
Jonesboro, GA  30000

Mr. & Mrs. Obikudu
10001 Daly Drive
Hurst, TX  76053

Mr. & Mrs. Sonny Nuogu
60 Stable Ave
Dallas, GA  30132

Fumilayo Osborne
60 Stable Ave
Dallas, GA  30132

Doris Bestman
1238 Sopris Drive
Houston, TX  77077

Allied Collection Service
7120 Havenhurst Ave
Van Nuys, CA  91406

Comcast
PO Box 530099
Atlanta, GA  30353

Dish Network
PO Box 105189
Atlanta, GA  30348

Citi Cards
PO Box 688901
Des Moines, IA  50368

GA Power
805 Abernathy Blvd
Atlanta, GA  30318

Cobb Energy EMC
PO Box 369
Marietta, GA  30061

Sears
701E 60th North
PO Box 6241
Sioux Falls, SD  57117

Cobb Co Water Dept
660 S. Cobb Drive
Marietta, GA  30060

West Cobb Sanitation
PO Box 440892
Kennesaw, GA  30160

Macy's
PO Box 183083
Columbus, OH  43218

Fitness 19 GA 190
1812 Powder Spring Rd
Suite 109
Marietta, GA  30064

Client Services
3451 Harry Truman Blvd
St. Charles, MO  63301

SPS
PO Box 65250
Salt Lake City, UT  84165

Cobb Co Tax Commissioner
736 Whitlock Ave
Marietta, GA  30061

Dekalb County
PO Box 1027
Decatur, GA  30031

Scana Energy Marketing
3340 Peachtree Road
Suite 750
Atlanta, GA  30326

Bank of America
PO Box 25118
Tampa, FL  25118

Maximus
34 Peachtree Street, #2400
Atlanta, GA  30303

I.A. Unique
2104 Breckonbridge Drive
Marietta, GA  30064